UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-401 (DSD/SRN)
Civil No. 05-969 (DSD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO |
| v. | ) | VACATE, SET ASIDE, OR |
| | ) | CORRECT HIS SENTENCE |
| ALFREDO ELIAS URIBE, | ) | PURSUANT TO 28 U.S.C. § 2255 |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

The United States of America, by and through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Erica H. MacDonald, Assistant United States Attorney, hereby submits the Government's Response to Defendant's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255.

## FACTS

On December 17, 2002, a United States grand jury returned a one-count Indictment against defendant Alfredo Elias Uribe. (Indictment at 1-2.) The Indictment charged Uribe with being a felon in possession of a firearm on August 15, 2002, in violation of 18 U.S.C. § 922(g)(1) and § 924(e). (Id.)

On February 25, 2003, the case proceeded to trial before this Court. (Vol. I[1] at 1.) The trial lasted three days. (Vols. I,

[1]"Vol. I" refers to the Transcript of the Trial from February 25, 2003.

II,[2] & III[3].) On February 27, 2003, the jury returned a verdict of guilty against Uribe. (Sentencing Tr.[4] at 9.)

On June 17, 2003, this Court adjudged Uribe guilty of the charge of being a felon in possession of a firearm and sentenced him to a term of 262 months imprisonment. (Id.) Uribe appealed. On February 17, 2004, in an unpublished opinion, the Eighth Circuit affirmed Uribe's conviction and sentence. United States v. Uribe, 88 Fed. Appx. 963, 63 Fed. R. Evid. Serv. 732 (8th Cir. 2004).

This case is currently before the Court on Uribe's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, this Court should deny Uribe's § 2255 motion.

## ARGUMENT

**1. Uribe's argument that his sentence is unconstitutional in light of "recent law" should be rejected because United States v. Booker does not apply to cases on collateral review.**

Uribe argues that his sentence is unconstitutional because his offense level was increased to a 34 because he possessed the gun during the commission of a crime of violence. Uribe argues that such an enhancement is unconstitutional in light of "recent law."

---

[2]"Vol. II" refers to the Transcript of the Trial from February 26, 2003.

[3]"Vol. III" refers to the Transcript of the Trial from February 27, 2003.

[4]"Sentencing Tr." refers to the Transcript of the Sentencing Hearing held before Judge Doty on June 17, 2003.

Uribe does not cite to any particular case; however, from his argument, it appears his argument is based on the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). Contrary to Uribe's argument, the Eighth Circuit has determined that the rule announced in Booker does not apply to final criminal judgments on collateral review. Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam). Uribe's sentence and conviction became final prior to the Supreme Court's decision in Booker. Accordingly, his Booker-based argument must be rejected and his § 2255 motion denied.

**2. Uribe's argument that his attorney was ineffective for failing to argue the absence of fair notice of the application of the armed career criminal enhancement must be rejected because Uribe had fair warning.**

To prevail on a claim of ineffective assistance of counsel, Uribe must establish (1) his lawyer performed deficiently and (2) he was prejudiced by his lawyer's performance. Williams v. Taylor, 529 U.S. 362, 390 (2000); Strickland v. Washington, 466 U.S. 668, 687 (1984). "'Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.'" Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687).

Uribe's argument must fail because he cannot show that Ms. George's performance was deficient. In order for Uribe to show

that Ms. George performed deficiently, Uribe must establish that Ms. George's "representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "'[C]ounsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.'" Thai, 412 F.3d at 978 (quoting Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). There is a strong presumption that a lawyer's representation "fell within the wide range of objectively reasonable professional assistance." Id.

In this case, Uribe argues that Ms. George was ineffective for failing to argue that Uribe had not received fair notice that the armed career criminal enhancement would apply to his case. Uribe's argument is meritless. At the time of the offense and his trial, both the United States Code and the Federal Sentencing Guidelines provided fair warning that he faced an enhanced sentence as an armed career criminal. The indictment charged Uribe with being a felon in possession in violation of 18 U.S.C. § 922(g)(1) and § 924(e). § 924(e) gave Uribe fair warning that he faced up to life in prison if convicted of a violation under § 922(g)(1). U.S.S.G. § 4B1.4 gave Uribe fair warning that he would be subject to the armed career criminal enhancement if subject to the enhanced sentence under § 924(e). Accordingly, Uribe had fair warning that he faced the armed career criminal enhancement and any argument to

the contrary would be meritless. Uribe "cannot show that his counsel performed deficiently by failing to raise a meritless argument." Thai, 412 F.3d at 978.[5] Consequently, Uribe's ineffective assistance of counsel claim must be rejected.

## CONCLUSION

For the foregoing reasons, Uribe has failed to show that he is entitled to any relief under 28 U.S.C. § 2255. Accordingly, the United States asks this Court to deny Alfredo Uribe's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

Dated: November 3, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/Erica H. MacDonald
BY: ERICA H. MACDONALD
Assistant U.S. Attorney

[5]Because Uribe cannot satisfy the first prong of the Strickland analysis, this brief will not address the second; however, it should be noted that Uribe cannot, and has not even attempted to, satisfy the second prong of the Strickland test.