UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-401(DSD/SRN)
Civil No. 05-969(DSD)

United States of America,

Plaintiff,

v. **ORDER**

Alfredo Elias Uribe,

Defendant.

This matter is before the court upon defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, defendant's motion is denied.

**BACKGROUND**

On February 27, 2003, a jury convicted defendant Alfredo Elias Uribe of being a felon in possession of a firearm. On June 17, 2003, this court sentenced defendant under the sentencing guidelines as an armed career criminal and applied a one-level enhancement for possession of the firearm in connection with a crime of violence. Defendant had objected to the one-level enhancement, arguing that he did not possess the firearm in connection with a crime of violence. However, the court overruled his objection and sentenced defendant to a term of 262 months imprisonment. Defendant appealed his conviction to the United

States Court of Appeals for the Eighth Circuit, and that court affirmed. United States v. Uribe, 88 Fed. Appx. 963 (8th Cir. 2004) (per curiam). Defendant now moves to vacate, set aside or correct the court's sentence.

## DISCUSSION

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by the court. 28 U.S.C. § 2255; see also United States v. Addonizio, 442 U.S. 178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997). Collateral relief is considered an extraordinary remedy. See Bousley v. United States, 523 U.S. 614, 621 (1998).

Defendant challenges his sentence on two separate grounds. First, he argues that the offense level enhancement, pursuant to Sentencing Guideline section 4B1.4, for possession of a firearm in connection with a crime of violence was unconstitutional. Second, he argues that he received ineffective assistance of counsel because his attorney failed to argue that defendant was not provided fair notice of the court's ability to enhance his sentence under the armed career criminal provisions of the sentencing guidelines.

## I. Defendant's Sentence

Defendant claims that recent decisions of the United States Supreme Court render his sentence subject to collateral attack. Specifically, he argues that the court's determination that he possessed the firearm in connection with a crime of violence and the resulting one-level enhancement were unconstitutional. Although defendant does not cite to any specific Supreme Court decision, the court infers his motion to be based on Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). However, the rules set forth in the Supreme Court's decisions in Blakely and Booker do not apply retroactively on collateral review. Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005). Therefore, the court cannot vacate, set aside or correct defendant's conviction on Blakely or Booker grounds.

## II. Ineffective Assistance of Counsel

Defendant also argues that he received ineffective assistance of counsel. To establish a claim of ineffective assistance, defendant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). First, defendant must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. See id. at 687. Second, defendant must show "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different." Id. at 694. Thus, to grant defendant's § 2255 motion, the court must find that he likely would have prevailed on the issues had they been properly presented by his attorney. See Kitt v. Clarke, 931 F.2d 1246, 1249 (8th Cir. 1991). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the court reviews counsel's performance with significant deference. Strickland, 466 U.S. at 689.

To support his claim of ineffective assistance of counsel, defendant alleges only that his attorney failed to argue that defendant did not receive fair notice that the court could enhance his sentence under the armed career criminal provisions of the sentencing guidelines. However, the applicability of Sentencing Guideline section 4B1.4 was included in the probation officer's pre-sentence investigation report, to which defendant's attorney specifically objected on his behalf. Further, in defendant's position pleading, his counsel also specifically addressed the applicability of section 4B1.4 and argued against the relevant enhancement on defendant's behalf. Based on these facts, defendant has not established that his counsel's representation rises to the level of ineffective assistance set forth by Strickland.

Therefore, the court cannot vacate, set aside or correct defendant's conviction on the ground that he received ineffective assistance of counsel.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside or correct sentence [Docket No. 63] is denied; and

2. Defendant's amended motion to vacate, set aside or correct sentence [Docket No. 67] is denied.

Dated: January 4, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court